*174 OPINION.
Milliken :
The sole question presented by these appeals is whether petitioners are entitled to a deduction from their income derived from the properties covered by the conveyance of Stephen I. Munger and wife, to the City National Bank of Dallas, Tex., hereafter referred to as the Bank. It is asserted by petitioners that although the deed vested in the Bank the legal title to the property conveyed, nevertheless the sole purpose of the deed was the liquidation of the *175 properties into money and, in so far as the Bank was concerned, was in fact nothing more or less than a power of attorney. They further contend that the deed did not create a trust within the meaning of section 219 of the Revenue Act of 1921. On the other hand, respondent contends that the deed conveyed to the Bank the legal title to the property upon the trusts set out in the deed; that the deed created a taxable trust and that since petitioners are the beneficiaries of such a trust they can not take deductions from their income for capital losses or for depletion or depreciation of its capital assets. In support of this contention, respondent cites Baltzell v. Mitchell, 3 Fed. (2d) 428; Whitcomb v. Blair, 25 Fed. (2d) 528, and Arthur H. Fleming et al., 6 B. T. A. 900. Before discussing these cases it is proper to determine what was the end to be accomplished by the scheme adopted by the grantors and what was the actual effect of their deed.
The first purpose to be effected by the deed was to change the property rights of the grantors from a community property to a separate property basis and to reduce their respective holdings from the.ownership of the whole of the one-half interest in the property conveyed to a one-tenth interest each therein and to vest a like ownership to the extent of one-fifth in each of their children. The children are parties to the deed and therefore to the creation of the so-called trust. This is just as true as though the grantors had first conveyed to the children and then the children had joined m the deed to the Bank as grantors. It thus appears that each of the parties owns his or her interest as separate property subject to the legal title conveyed to and the power vested by the deed in the trustee.
The next question is how long the trust was to continue. Paragraph 5 of the habendum clause reads in part:
The trusts created and provided for herein shall continue for a term of -years, unless the trust estate shall sooner be converted into money and distributed to the beneficiaries, in which case the trusts herein created shall terminate. Upon the expiration of the term stated, the trusts herein created shall expire and Trustee, upon making its final accounting, shall stand discharged. If, when the trust shall terminate or be about to terminate, any properties other than money be and remain a part of the trust estate, the Trustee shall fairly partition the same among, and deliver the same to, beneficiaries, their heirs and assigns respectively, in the proportions to which they may be severally entitled under this instrument. Unless the beneficiaries their heirs and assigns respectively, agree with the Trustee as to distributions under any proposed partition or final accounting.
We here find a blank before the word “ years ” and this followed in the same paragraph by the words “ upon the expiration of the term stated the trust shall expire * * It is clear that the *176 trust may expire before all the property had been converted into money. Under the circumstances presented by this record, we are of opinion that this deed should be read in connection with the contemporaneous deed of the owner of the other half of the propert}', which, except for difference of names and provisions for an infant child, is the same in wording. As the latter .deed provides that the trust shall terminate in five years, we think we have the right to insert the same limitation in the deed before us. If we are wrong in this, it still remains clear that the trust is terminable within a reasonable period, taking into consideration the conditions and purposes expressed in the deed.
The major purpose of the trust is to be found in the second and third paragraphs of the habendum clause. These paragraphs disclose that the purpose of the trust is the sale of the corpus and the immediate distribution of the proceeds among the beneficiaries, and pending such sale, the leasing of the property for oil and other purposes, and the immediate distribution of the rents and royalties. We find that these duties and powers could be exercised by Stephen I. Munger without power of attorney so long as he lived and was able to act. That this was a private arrangement between the parties and was not to affect the conveyance by Stephen I. Munger of the legal title to any part of the properties is further shown by the sixth paragraph of the habendum clause, where it is provided that the trustee is not to have the conveyance recorded until so ordered by a beneficiary. Unlike any of the trusts involved in the cases above cited, this trust was not created for the purpose of preserving or conserving the trust res, but for the very opposite purpose of converting the trust res into money and the immediate distribution of the cash. Unlike any of said cases, no beneficial interests are vested or divested by reason of the termination of the trust. The only bars to complete title and ownership are the bare legal title in the trustee and certain powers vested in him which could as well have existed under an irrevocable power of attorney. Unlike any of the above cases, petitioners have a direct and immediate interest in capital gains and capital losses. In Baltzell v. Mitchell, supra, the court took pains to point out:
* * * The beneficiary is not interested in tfie capital of the trust, but only in the income. If there are accretions to the capital, these are not distributable as income, so that the beneficiary may receive any part of them; and if there are capital losses they cannot be made good out of the income. The capital may be depleted by such losses; but the income for that taxable year is not. It may in future years be diminished because of the diminution of the capital.
*******
If the trust estate of which Hannah P. Weld is the beneficiary had made a gain in the sale of securities of the same amount as the aggregate of losses in *177 tho sale of securities for that year, Mrs. Weld would have received no part of these gains, although, in determining the net income of the estate, the fiduciary must include them. * * *
In Whitcomb v. Blair, supra, the court thought it necessary to state with reference to the trust involved in that action that “ Capital losses in such cases fall upon the reversioners or remaindermen and not upon the life tenant.” In Arthur H. Fleming, supra, we said:
One case, the Appeal of Julia N. Bo Forest, 4 B. T. A. 1050, contains language which might he construed to take a contrary view. The basis of that decision, however, is found in the last paragraph of the opinion, wherein it is stated:
* * * \yhere it is shown, as it was here, that it was the beneficiary who created the trust for himself and that he is also the remainderman, we find no justification for the conclusion that he may not get the benefit of the allowance for the exhaustion’ of his property temporarily and for convenience only in the hands of a trustee to collect the income and pay it to him. AVe think in cases of this character the separate entity of fiduciary and beneficiary should be ignored and that the petitioner should be allowed a deduction for the exhaustion of her interest in the patent.
In the Be Forest appeal the trustee was designated merely as an instrumentality for the purpose of collecting the income and paying it over to the same persons who had theretofore owned the patents and continued to own them beneficially to the same extent. In such situation it was unnecessary to either overrule or reconsider what the Board had already held to be the law in the appeals hereinbefore set out.
Looking through the form to the substance of the transaction before us, we are of opinion that the so-called trust was in fact but a selling and leasing device, with power to sell and lease the property of the beneficiaries and pay them the proceeds. We do not think that the fact that the bare legal title was vested in the trustee for a very short period for the purpose of sale and lease should serve to' transform this leasing and selling agency into a taxable trust. Cf. Stoddard v. Eaton, 22 Fed. (2d) 184; N. H. Boynton, 11 B. T. A. 1852; and George L. Craig, 7 B. T. A. 504.
We are of opinion that the income of the property conveyed to the Bank is taxable directly to the beneficiaries, including the petitioners, and that each of them has the right to deductions for depletion and depreciation.
Reviewed by the Board.

Judgment will be entered under Rule 50.

Teammell dissents.